# EXHIBIT E

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

------------------------------------------------------------x

RDM CAPITAL FUNDING LLC
DBA FINTAP,

Plaintiff,

-against-

SHORELINE APPRAISAL SERVICES INC,
and JON SNYDER,

Defendant(s).

------------------------------------------------------------x

INDEX NO.:

**SUMMONS**

Plaintiff designates: KINGS
COUNTY as the place of trial

Basis of venue designated:
Pursuant to the agreement
between the parties

Plaintiff's Address:
777 Passaic Ave. STE 375
Clifton NJ 07012

To the above named Defendants:

You are hereby summoned to answer the complaint in this action and serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on Plaintiff's Attorney within 20 days after the service of this Summons, exclusive of the date of service or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
        November 14, 2023

AWN&R Commercial Law Group, PLLC
*Attorneys for Plaintiff*

By:_____
        Jeffrey Parrella, Esq.
        14 Wall Street, 20th Floor
        New York, NY 10005
        718-233-2916

**Defendants to be served:**

SHORELINE APPRAISAL SERVICES INC
64 TIMBER DRIVE,
VALPARAISO, IN 46385

JON SNYDER
64 TIMBER DRIVE,
VALPARAISO, IN 46385

SUPREME COURT OF THE STATE OF NEW YORK    INDEX NO.:
COUNTY OF KINGS
-----------------------------------------------------------------------
RDM CAPITAL FUNDING LLC
DBA FINTAP,

                                                   **VERIFIED COMPLAINT**

Plaintiff,

        -against-

SHORELINE APPRAISAL SERVICES INC,
and JON SNYDER,

Defendant(s).
-----------------------------------------------------------------------

Plaintiff, RDM CAPITAL FUNDING LLC DBA FINTAP, by its attorney, Jeffrey Parrella, Esq., for its Complaint herein against SHORELINE APPRAISAL SERVICES INC ("Business Defendant") and JON SNYDER ("Individual Defendant") (*collectively* "Defendants") allege the following:

## THE PARTIES

1. At all relevant times, Plaintiff was and is a limited liability company organized in the State of New Jersey and authorized to conduct business in the State of New York.

2. Upon information and belief, and at all relevant times, Business Defendant was and is a company organized and existing under the laws of the State of Indiana, and is subject to the personal jurisdiction of this court pursuant to the Agreement between the parties.

3. Upon information and belief, at all relevant times herein, the Individual Defendant was and is an individual residing in the State of Indiana, and is subject to the personal jurisdiction of this court pursuant to the Agreement between the parties.

4. Venue is proper in the State of New York pursuant to CPLR §501 pursuant to the Agreement between the parties.

## THE FACTS

5.  On or about 6/6/2023, Plaintiff and Business Defendant entered into a Purchase and Sale of Future Receivables Agreement (*hereinafter referred to as the* "Agreement") whereby Plaintiff agreed to purchase all rights to Business Defendant's future account receivables having a face value of $19,800.00 with an agreed upon purchase price of $15,000.00. *A copy of the Agreement is annexed hereto as* **Exhibit A.**

6.  Pursuant to the aforesaid Agreement, Business Defendant agreed to have one bank account approved by Plaintiff (*hereinafter referred to as the* "Bank Account") from which Business Defendant authorized Plaintiff to debit 6.12% of its weekly revenue until the purchased amount of receivables- $19,800.00 - was paid in full.

7.  In addition, Individual Defendant agreed to guarantee any and all amounts owed to Plaintiff from Business Defendant upon a breach in performance by Business Defendant.

8.  Plaintiff remitted the purchase price for the future receivables to Business Defendant as was agreed upon; and therefore, fully complied with its obligations and duties under the Agreement.

9.  Initially, Business Defendant met its obligations under the Agreement.

10. On or about 10/30/2023, Business Defendant stopped making its payments to Plaintiff and otherwise breached the Agreement by intentionally impeding and preventing Plaintiff from making the agreed upon ACH withdrawals from the Bank Account while conducting regular business operations and still in receipt of accounts-receivable. This constitutes a default under the Agreement.

11. Business Defendant made payments totaling $9,000.00 leaving a balance of $10,800.00.

INDEX NO. 533557/2023
Case 1:24-cv-08940-VM     Document 1-5     Filed 11/22/24     Page 5 of 11
RECEIVED NYSCEF: 11/15/2023

12. Additionally, pursuant to the Agreement, Business Defendant incurred a "Default Fee" in the amount of $2,500.00 and a "Rejected ACH Fee" in the amount of $100.00 and a "UCC Filing Fee" in the amount of $195.00 to cover the cost of filing UCC-1 Financing Statement in connection with the Agreement.

13. Pursuant to the Agreement, the aforesaid fees have to be applied to Business Defendant's outstanding balance in the event Business Defendant altered or stopped depositing receivables into the Bank Account. *Please refer to* **Exhibit A, page: 10.**

14. The combined sum of the balance due to Plaintiff and fees provide for a total balance of $13,495.00 due and owing to the Plaintiff.

15. Pursuant to the terms of the Agreement, Defendants further owe Plaintiff a total of $2,700.00 representing reasonable attorney's fees, or twenty five percent (25%), incurred in the collection of the underlying balance. *Please refer to* **Exhibit A, page: 7 at ¶ 21; page: 11 at ¶ 3.**

16. By reason of the foregoing, the Plaintiff has been damaged in the sum of $13,495.00, together with attorney's fees of $2,700.00, resulting in a sum total of $16,195.00.

17. Despite due demand, Business Defendant has failed to pay the amounts due and owing by Business Defendant to Plaintiff under the Agreement.

18. Additionally, Individual Defendant is responsible for all amounts incurred as a result of any default by Business Defendant.

19. There remains a total balance due and owing to Plaintiff on the Agreement in the amount of $16,195.00 with interest thereon from 10/30/2023, plus costs and disbursements.

Case 1:24-cv-08940-VM   Document 1-5   Filed 11/22/24   Page 6 of 11

## AS AND FOR A FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT)

20. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "19" of this Complaint as though fully set herein at length.

21. Plaintiff gave fair consideration to Business Defendant which was tendered for the right to receive the aforementioned receivables. Thus, Plaintiff fully performed under the Merchant Agreement.

22. Upon information and belief, Business Defendant is still conducting regular business operations and still collecting receivables.

23. Business Defendant breached the Agreement by defaulting on its representations and warranties to Plaintiff by blocking Plaintiff's access to the designated Bank Account from which Business Defendant agreed to permit Plaintiff to withdraw receivables, by failing to deposit receivables into the Bank Account, by disposing of Plaintiff's assets without Plaintiff's prior written express consent, and/or by depositing receivables into a bank account other than the Bank Account, all while still conducting regular business operations.

24. As a result, Plaintiff has been unable to collect its weekly percentage of receivables purchased from Business Defendant since the date of the aforesaid default.

25. By reason of the foregoing, Plaintiff is entitled to judgment against Business Defendant for the breach of contract in the total sum of $13,495.00 of future receivables and all the amounts incurred as a result of the default, with interest thereon from 10/30/2023, plus costs, disbursements, and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

### (BREACH OF PERSONAL GUARANTEE)

26. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "25" of this Complaint as though fully set forth at length herein.

27. Pursuant to the Agreement, Individual Defendant personally guaranteed that Business Defendant would perform its obligations under the Agreement and that Individual Defendant would be personally liable for any loss suffered by Plaintiff because of a breach by the Business Defendant.

28. Business Defendant has breached the Agreement as detailed above.

29. By reason of the foregoing, Plaintiff is entitled to a judgment against the Individual Defendant based on the personal guarantee in the sum of $13,495.00, with interest thereon from 10/30/2023, plus costs, disbursements, and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (ATTORNEY'S FEES)

30. Plaintiff repeats and reaffirms the allegations contained in Paragraphs "1" through "29" above as though fully set forth herein.

31. Pursuant to the terms of the Agreement, Defendants further owe Plaintiff a total of $2,700.00 representing reasonable attorney's fees, or twenty five percent (25%), incurred in the collection of the underlying balance. *Please refer to* **Exhibit A, page: 7 at ¶ 21; page: 11 at ¶ 3.**

32. By reason of the foregoing, the Plaintiff has been damaged in the sum of $13,495.00, together with attorney's fees of $2,700.00, resulting in a sum total of $16,195.00.

INDEX NO. 533557/2023
RECEIVED NYSCEF: 11/15/2023

Case 1:24-cv-08940-VM    Document 1-5    Filed 11/22/24    Page 8 of 11

**WHEREFORE,** Plaintiff, RDM CAPITAL FUNDING LLC DBA FINTAP, requests Judgment against the Business Defendant, SHORELINE APPRAISAL SERVICES INC, and Individual Defendant, JON SNYDER, jointly and severally, as follows:

    a.  On the First Cause of Action of the Complaint, Plaintiff requests Judgment against Business Defendant in the amount of $13,495.00, plus interest, costs, disbursements, and attorney's fees; and

    b.  On the Second Cause of Action of the Complaint, Plaintiff requests Judgment against Individual Defendant in the amount of $13,495.00, plus interest, costs, disbursements, and attorney's fees; and

    c.  On the Third Cause of Action of the Complaint, Plaintiff requests Judgment against Business Defendant and Individual Defendant in the amount of $13,495.00, with interest thereon from 10/30/2023, with reasonable attorney's fees of $2,700.00, resulting in a sum total of $16,195.00, plus costs and disbursements.

    d.  For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 14, 2023

AWN&R Commercial Law Group, PLLC
*Attorneys for Plaintiff*

By:_____
   Jeffrey Parrella, Esq.
   14 Wall Street, 20th Floor
   New York, NY 10005
   718-233-2916

Case 1:24-cv-08940-VM    Document 1-5    Filed 11/22/24    Page 9 of 11

STATE OF New Jersey          )

COUNTY OF Passaic            )


IAN GOLDBERG, being duly sworn, states:

I am ONE OF THE MANAGING MEMBERS for Plaintiff, RDM CAPITAL FUNDING

LLC DBA FINTAP in the within action. I have read the foregoing Verified Complaint and know

the contents thereof; the same is true to my knowledge, except as to the matters therein stated to

be alleged upon information and belief and as to those matters, I believe them to be true.

The foregoing statements are true under penalties of perjury.

BY: _____
        IAN GOLDBERG


Sworn to before me this ____14th____ day of November, 20_23_


_____
Notary Public



Megan Barker
NOTARY PUBLIC
State of New Jersey
ID # 50205979
My Commission Expires January 19, 2028

SUPREME COURT OF THE STATE OF NEW YORK          INDEX NO.:
COUNTY OF KINGS
-----------------------------------------------------------------x
RDM CAPITAL FUNDING LLC
DBA FINTAP,

Plaintiffs,

        - against -


SHORELINE APPRAISAL SERVICES INC,
and JON SNYDER,

Defendant(s).
-----------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

    PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

    The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

    Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646386-3033 or efile@courts.state.ny.us.

Dated: November 14, 2023


                                     **Jeffrey Parrella, Esq.**
                    AWN&R Commercial Law Group, PLLC
                            *Attorneys for Plaintiff*
                        14 Wall Street, 20th Floor
                           New York, NY 10005
                                718-233-2916

Case 1:24-cv-08940-VM    Document 1-5    Filed 11/22/24    Page 11 of 11

SUPREME COURT OF THE STATE OF NEW YORK          INDEX NO.:
COUNTY OF KINGS

........................................................................................................

RDM CAPITAL FUNDING LLC
DBA FINTAP,

Plaintiff,

            -against-

SHORELINE APPRAISAL SERVICES INC,
and JON SNYDER,

Defendant(s).

........................................................................................................

## SUMMONS AND VERIFIED COMPLAINT

........................................................................................................

**Jeffrey Parrella, Esq.**
AWN&R Commercial Law Group, PLLC
*Attorneys for Plaintiff*
14 Wall Street, 20th Floor
New York, NY 10005
718-233-2916

........................................................................................................

Service of a copy of the within is hereby admitted.

Dated:

                                Attorney(s) for

........................................................................................................