# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
RDM CAPITAL FUNDING LLC DBA FINTAP

         Plaintiff,

  -against-

SHORELINE APPRAISAL SERVICES INC, AND JON SNYDER,

         Defendant.
-------------------------------------------------------------------X

Index No.: 533557/2023

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, SHORELINE APPRAISAL SERVICE et al by and through its attorneys, Dominick Dale Esq., as and for Defendant's Answer to the Complaint, states as follows:

## The Parties

1. Defendants deny having sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of the complaint.

2. Defendants deny the allegations contained in Paragraph 2-3 of the complaint, specifically Defendants assert that the "agreement" referred to is a de facto unlawful usurious loan and not an asset purchase agreement.

3. Defendants deny the allegations contained in Paragraph 4 of the complaint, specifically Defendants deny that the agreement and/or clause in the contract is valid on personal jurisdiction grounds as well as pursuant to GOL § 5-1402. Plaintiff does not have personal jurisdiction over the defendant.

4. Defendants deny the allegations contained in Paragraph 5-19 of the complaint as same require legal conclusions to which no response is required. To the extent that a response is required and without waiving any objections, the plaintiff failed to establish facts necessary to establish

breach of contract [ Palmetto Partners, L.P. v. AJW Qualified Partners, LLC, 83 A.D.3d 804, 806, 921 N.Y.S.2d 260, 263 (2011); Krigsfeld v. Feldman, 115 A.D.3d 712, 712, 982 N.Y.S.2d 487, 488 (2014) ] To the extent a response is required, the Defendants deny the allegations and demand strict proof thereof.

### Answering "As And For A First Cause Of Action—Breach Of Contract"

5. Defendants deny the allegations contained in Paragraph 20-25 of the complaint as same require legal conclusions to which no response is required. To the extent that a response is required, defendants object to these allegations because the plaintiff has failed to establish breach of contract. To the extent that a response is required and without waiving any objections, the plaintiff failed to properly allege defendant's failure to perform and resulting damage. [ Palmetto Partners, L.P. v. AJW Qualified Partners, LLC, 83 A.D.3d 804, 806, 921 N.Y.S.2d 260, 263 (2011); Krigsfeld v. Feldman, 115 A.D.3d 712, 712, 982 N.Y.S.2d 487, 488 (2014) ] To the extent a response is required, the Defendants deny the allegations and demand strict proof thereof.

### Answering "As And For A Second Cause Of Action—Personal Guarantee"

6. Defendants deny the allegations contained in Paragraph 26-29 of the complaint as same require legal conclusions to which no response is required. To the extent that a response is required, defendants object to these allegations because the plaintiff has failed to establish breach of contract. To the extent that a response is required and without waiving any objections, the plaintiff failed to properly allege defendant's failure to perform and resulting damage. [ Palmetto Partners, L.P. v. AJW Qualified Partners, LLC, 83 A.D.3d 804, 806, 921 N.Y.S.2d 260, 263 (2011); Krigsfeld v. Feldman, 115 A.D.3d 712, 712, 982 N.Y.S.2d 487, 488 (2014) ]

To the extent a response is required, the Defendants deny the allegations and demand strict proof thereof.

### Answering "As And For A Third Cause Of Action—Attorneys Fees"

7. Defendants deny the allegations contained in Paragraph 30-32 of the complaint as same requires legal conclusions to which no response is required. To the extent that a response is required and without waiving defendant's objections, the amount of attorneys fees sought is an unenforceable penalty. To the extent a response is required, the Defendants deny the allegations and demand strict proof thereof.

### AFFIRMATIVE DEFENSES

### AND AS FOR A FIRST AFFIRMATIVE DEFENSE

8. The Complaint fails to state a cause of action upon which relief can be granted. Plaintiff failed to set forth facts sufficient to state or constitute a cause and/or causes of action on which relief might be granted.

### AND AS FOR A SECOND AFFIRMATIVE DEFENSE

9. The contract is unconscionable. The contract is so grossly unreasonable as to be unenforceable because the terms of the contract completely favored the plaintiff and was completely unreasonable toward the defendant. The plaintiff used high pressure commercial tactics and deceptive practices. The agreement contains inflated unlawful and illegal purchase price, inflated unlawful and illegal percentage of receivables purchased, unfair termination clauses, unfair limitations on consequential damages, unlawful sale of the business, unlawful, illegal and unfair attorney fees, and improper disclaimers. Pursuant to UCC § 2-302, this honorable court deem this agreement unconscionable as a matter of law and deem it unenforceable.

## AND AS FOR A THIRD AFFIRMATIVE DEFENSE

10. Plaintiff is seeking to recover more than its entitled to recover in this case, and an award of the judgment sought by the claimant would unjustly enrich the plaintiff. Excessive fees charged by Plaintiff including, but not limited to various liquidated damages clauses in the contract are attempted to be charged as penalties which are contrary to law to wit would unjustly enrich the plaintiff. The plaintiff negligently induced the defendant into this unreasonable and predatory agreement. The plaintiff placed the defendant in a position to breach to wit the plaintiff would be entitled to attorneys fees. In other words, the defendant was intentionally "set up to fail." The plaintiff had no intention of financially assisting the defendant with its business.

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

11. Plaintiff violated and breached the duty of good faith and fair dealing. Under the implied covenant of good faith and fair dealing, the plaintiff has recklessly, intentionally, and negligently damaged and injured the defendant's business through the service and filing of UCC liens. The plaintiff misrepresented that this agreement was a cash advance. The agreement is an unlawful taking and sale of the defendant's business.

## AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

12. The plaintiff is suing for the wrong amount. The plaintiff is not entitled to attorney's fees or interest as they are punitive in nature.

## AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

13. Plaintiff's filing of this matter against Defendants violates the doctrine of laches. The plaintiff is barred from the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to a party.

## AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

14. The Plaintiff failed to mitigate damages. It has not been alleged that the funds remitted by the defendant have been invested in another contract or transaction that would reduce the damages resulting from the alleged breach of contract.

## AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

15. If a valid, enforceable contract between the defendant and the plaintiff is found, Defendant asserts that the plaintiff obtained the defendant's consent to the contract or transaction through fraud, deceit, or misrepresentation by the plaintiff, and that as a result, the contract is invalid.

## AND AS FOR A NINTH AFFIRMATIVE DEFENSE

16. The alleged damage of Plaintiff resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to the conduct of answering defendant.

## AND AS FOR A TENTH AFFIRMATIVE DEFENSE

17. Upon information and belief, all hazards and risks incident to the circumstances set forth in the Complaint were obvious and apparent, and were readily assumed by the plaintiff, If it is determined that the plaintiff assumed the risk, the defendant pleads said facts in diminution of damages in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the alleged resultant damages.

## AND AS FOR A ELEVENTH AFFIRMATIVE DEFENSE

18. Plaintiff has not established subject jurisdiction over the defendant. The court lacks jurisdiction over the defendant. Subject matter jurisdiction is lacking. Complaint to be dismissed based upon subject matter jurisdiction.

## AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE

19. The complaint fails to state a cause of action upon which relief may be granted. The plaintiff has failed to establish a breach of contract. The plaintiff has failed to demonstrate the following (1) formation of a contract between plaintiff and defendant, (2) defendant's failure to perform, and (3) resulting damage. [ Palmetto Partners, L.P. v. AJW Qualified Partners, LLC, 83 A.D.3d 804, 806, 921 N.Y.S.2d 260, 263 (2011); Krigsfeld v. Feldman, 115 A.D.3d 712, 712, 982 N.Y.S.2d 487, 488 (2014) ]

## AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

20. Plaintiff induced Defendant into entering into an unlawful usurious loan and not an asset purchase agreement.

## AND AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE

21. Pursuant to CPLR Article 16, the liability of this Defendant to the Plaintiff for noneconomic loss shall not exceed the equitable share of this Defendant determined in accordance with the relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

## AND AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE

22. If the injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of the plaintiff and if any damages are recoverable the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages.

### AND AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE

23. That recovery, if any, on the Complaint of the Plaintiff shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c)

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff seeks to enforce an adhesion contract. By using deceptive language, the plaintiff persuaded the defendant to enter into the agreement. The plaintiff has much greater bargaining power than the weaker defendant. It is against the public interest for the defendant to be subjected to such an oppressive relationship.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

25. Plaintiff has failed to join a necessary and indispensable party to this action.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

26. The damages as alleged in the Complaint are not the result of negligent conduct on the part of Defendant.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

27. If a valid, enforceable contract between the defendant and the plaintiff is found, Defendant performed all duties owed other than any duties which were prevented or excused, and therefore never breached the agreement.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

28. The action is devoid of merit because Plaintiff has no basis for recovery against Defendant.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

29. The Complaint fails to provide any information regarding the alleged claim, other than an unsupported demand amount and an unsupported interest accrual date.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

30. Plaintiff has failed to properly document the cost of the damage.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

31. Based upon the forgoing, the plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

32. This Court has no jurisdiction over the person of defendant in that service of process was insufficient and not perfected under the applicable rules of the Civil Practice Law and Rules.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

33. Plaintiff acted unethically, unlawfully, or in bad faith and misrepresented significant facts that pertain to the underlying basis for the subject claim

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

34. The services in dispute were provided by an independent contractor and not by Plaintiff or its employee, such that Plaintiff is not entitled to receive direct payment from the defendant.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

35. Plaintiff engaged in deceptive acts and practices unlawful.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

36. The acts or omissions of the plaintiff were the sole proximate cause of the damages asserted.

## AS AND FOR AN THIRTY-FIRST AFFIRMATIVE DEFENSE

37. Complaint is barred by the doctrine of waiver.

## AS AND FOR AN THIRTY-SECOND AFFIRMATIVE DEFENSE

38. The plaintiff violated its fiduciary duty pursuant to GOL § 5-1505.

## AS AND FOR AN THIRTY-THIRD AFFIRMATIVE DEFENSE

39.  The sale of reasonableness was not done in a commercially reasonable manner and the plaintiff is precluded from recovering the deficiency from the defendant debtor as damages pursuant to see UCC § 9-626.

## AS AND FOR AN THIRTY-FOURTH AFFIRMATIVE DEFENSE

40. The defendant hereby gives notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend their Answer and to assert any such defense. Defendant therefore reserves the right to assert any additional defenses that may be applicable and to withdraw any defenses that are inapplicable once the precise nature of the claims are ascertained through discovery and investigation.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against this Defendant, then this Defendant further demands that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff.

DATED:     December 12, 2023
Brooklyn, New York

*DOMINICK DALE, ESQ*

_____

Dominick Dale Esq.
*Attorney(s) for Defendant*
81 Court Street
Brooklyn, NY 11201
(917) 816-8327

To:     Jeffrey Parrella, Esq.
*Attorney(s) for Plaintiff*
14 Wall Street
20th Fl
New York, NY 10005

## **ATTORNEY VERIFICATION**

STATE OF NEW YORK        )
                                              ) ss
COUNTY OF                      )

I, DOMINICK DALE, an attorney admitted to practice in the courts of New York State, under penalty of perjury state that I am one of the attorneys for the Defendant(s) in the action herein.

I have read the annexed answer and know the contents thereof; the same is true to my own knowledge except as to those matters stated therein to be alleged on information and belief, and as to those matters I believe to be true.

This verification is made by me and not by my client(s) because my client(s) resides outside the County of where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

DATED:        December 12, 2023

*DOMINICK DALE, ESQ*

DOMINICK DALE