

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Adam M. Marshall**
amarshall@kaufmandolowich.com

January 2, 2025

**VIA ELECTRONIC MAIL**
Shane R. Heskin, Esq.
White and Williams LLP
Email: heskins@whiteandwilliams.com

Ariel Bouskila, Esq.
Berkovitch & Bouskila, PLLC
Email: ari@bblawpllc.com

> Re:  *Snyder v. Dale, et al.*
>      Case No. 1:24-cv-8940 (VM)

Gentlemen:

This firm represents Defendants Dominick R. Dale, Esq. and the Law Office of Dominick R. Dale, Esq. (collectively, "Mr. Dale") in the above-referenced action. In accordance with Section II(B)(1) of Judge Marrero's Individual Practices, we write to identify deficiencies in Plaintiffs' Complaint that warrant dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6).[1]

As a threshold matter, the Complaint fails to plausibly allege that the District Court has subject matter jurisdiction over Plaintiffs' claims, either under diversity or the Class Action Fairness Act ("CAFA"). (See Compl. at ¶¶ 15-16). Diversity requires, *inter alia*, that the amount in controversy exceed $75,000. 15 U.S.C. § 1332(a). CAFA requires, *inter alia*, that the aggregate amount in controversy exceed $5 million. 15 U.S.C. § 1332(d). In either case, "[Plaintiffs] bear the burden of 'proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" Schwartz v. Hitrons Solutions, Inc., 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019) (citation omitted).

Although "there is 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy,'" Doeman Music Group Media & Photography LLC v. DistroKid, LLC, 2024 WL 4349480, at *5 (S.D.N.Y. Sept. 30, 2024) (quoting Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999)), "the presumption in favor of the plaintiff asserting jurisdiction is only available if the face of the complaint plausibly alleges facts suggesting that the claims exceed the amount in controversy." Id. at *6. "Conclusory allegations that the amount-in-controversy requirement is satisfied are

---

[1] We are extremely concerned that Berkovitch & Bouskila, LLC ("B&B"), a law firm that specializes in debt collection on behalf of merchant cash advance companies like RDM Capital is now purporting to be an advocate on behalf of merchant debtors like Jon Snyder ("Snyder") and Shoreline Appraisal Services, Inc. ("Shoreline") in this action as well as in RDM Capital Funding LLC v. Shoreline Appraisal Services, Inc., Index No. 533557/23 (Sup. Ct. Kings Co.) (the "Underlying Action"), where they have purported to appear as counsel for Snyder and Shoreline without a signed consent to change attorney.

insufficient." Schwartz, 397 F. Supp. 3d at 365; Wood v. Maguire Automotive, LLC, 508 Fed. Appx. 65 (2d Cir. 2013); Weir v. Cenlar FSB, 2018 WL 3443173, at *12 (S.D.N.Y. Jul. 17, 2018).

The Complaint pleads no facts to support the conclusion that Plaintiffs suffered at least $75,000 in damages due to Mr. Dale's conduct or that the putative classes sustained aggregate damages of at least $5 million. (See Compl. at ¶¶ 15-16, 168, 177). Plaintiffs do not allege that they were held liable to RDM Capital Funding LLC ("RDM") in the Underlying Action because of any supposed wrongdoing on Mr. Dale's part. Indeed, it was Mr. Dale who *defeated* RDM's summary judgment motion against Plaintiffs that is referenced in the Complaint. Moreover, Plaintiffs do not even claim to have actually paid Mr. Dale for his services. (Id. at ¶ 146). In addition, assuming *arguendo* that Plaintiffs' experience is "common" and "typical" of putative class members, as it must be for jurisdiction under CAFA, there is no way aggregate damages could reach $5 million.

Furthermore, the Complaint's putative classes (vaguely defined as they are) implicate CAFA's "home state" and "local controversy" exceptions. See 15 U.S.C. §§ 1332(d)(3)-(4). Among other things, is difficult to imagine how less than two-thirds of the proposed class members could be citizens of different states when they consist of "persons[,] merchants, customers and clients in the State of New York." (Compl. at ¶ 157).

Apart from the jurisdictional defects, the Complaint is subject to dismissal because it fails to state a claim for violation of Judiciary Law § 487 or for legal malpractice. A plaintiff seeking relief under Judiciary Law § 487 must allege that the defendant intentionally deceived the plaintiff or the court in a pending litigation, causing the plaintiff actual damages. Jean v. Chinitz, 163 A.D.3d 497 (1st Dep't 2018). "A cause of action under the statute 'requires a showing of 'egregious conduct or a chronic and extreme pattern of behavior' on the part of the defendant attorneys that caused damages.'" Remler v. Cona Elder Law, PLLC, 2022 WL 4586243, at *6 (E.D.N.Y. Sept. 29, 2022) (citation omitted). "Moreover, plaintiff's allegations of deceit or the intent to deceive must be pled with particularity." Id.

Here, Plaintiffs' Judiciary Law § 487 claim is predicated on Mr. Dale's having appeared and filed documents on their behalf in the Underlying Action despite the supposed absence of an attorney-client relationship. (Compl. at ¶¶ 161-66). However, the Complaint confirms that such a relationship existed. Plaintiffs admit executing the Citadel Business Legal Plan Membership Agreement (the "Citadel Agreement"), whereby Citadel agreed to provide Plaintiffs with an attorney in the event Plaintiffs were sued by RDM. (Id. at ¶¶ 102, 109, 117-18). Plaintiffs also admit that Mr. Dale was appointed as their counsel in the Underlying Action pursuant to the Citadel Agreement, and that Mr. Dale notified them of his appointment on December 12, 2023. (Id. at ¶ 122). Though the Complaint alleges that Plaintiffs never executed the retainer agreement Mr. Dale emailed (id. at ¶ 126), "'[a]n attorney-client relationship does not depend on the existence of a formal retainer agreement.'" Buchanan v. Law Offices of Sheldon E. Green, P.C., 215 A.D.3d 790, 791 (2d Dep't 2023) (quoting Moran v. Hurst, 32 A.D.3d 909, 911 (2d Dep't 2006)).

Moreover, the Complaint nowhere alleges that Plaintiffs *ever* communicated to Mr. Dale that they rejected his appointment as defense counsel or instructed Mr. Dale to cease representing him in the Underlying Action. Thus, the Complaint not only fails to plead the absence of an attorney-client relationship but also fails to support an inference of deceit on Mr. Dale's part – "egregious" or otherwise.

Case No. 1:24-cv-8940
Page 3 of 3

      Further, as discussed above, Plaintiffs have not alleged and cannot prove actual damages stemming from Mr. Dale's supposed deception. Mr. Dale successfully defended Plaintiffs in the Underlying Action and spared them from the entry of a money judgment in RDM's favor.

      Turning to Complaint's second cause of action, "[t]he elements of a claim of legal malpractice under New York law are: (1) an attorney-client relationship at the time of the alleged malpractice; (2) attorney negligence; (3) proximate causation; and (4) actual damage to the client." Bryant v. Silverman, 284 F. Supp. 3d 458, 470 (S.D.N.Y. 2018). "To plead the element of proximate cause, a plaintiff must allege that but for the attorney's negligence, she would have prevailed in the underlying matter or would not have sustained any ascertainable damages." Id. at 474 (cleaned up); Law Practice Mgmt. Consultants, LLC v. M&A Counselors & Fiduciaries, LLC, 599 F. Supp. 2d 355, 359 (E.D.N.Y. 2009).

      The Complaint seemingly alleges that Mr. Dale committed malpractice in the Underlying Action by failing to discuss or provide Plaintiffs with various filings in the case. The Complaint references: (1) the verified answer Mr. Dale filed on behalf of Plaintiffs; (2) the motion to dismiss Mr. Dale filed on behalf of Plaintiffs; (3) the motion for summary judgment filed by RDM; and (4) the opposition Mr. Dale filed to RDM's summary judgment motion on behalf of Plaintiffs. (Compl. at ¶¶ 135-44). Even assuming the alleged lack of communication regarding these documents qualifies as negligence, the Complaint pleads no facts to suggest that Mr. Dale's actions proximately caused Plaintiffs actual and ascertainable damages. Given that Mr. Dale was successful in fending off RDM's summary judgment motion, it is bizarre that Plaintiffs now claim that they were damaged by the representation. If Plaintiffs ultimately lose to RDM when they "should have" won, it will be because of their new counsel at B&B.

      Though the Complaint also includes a throwaway line about how Mr. Dale supposedly "ignored discovery requests that had been filed on the docket on October 18, 2024, resulting in the waiver of Defendants' (sic) rights," (Compl. at ¶ 6), an attorney cannot be held liable for malpractice that preceded a change in counsel where the "[the client's] successor counsel had sufficient time and opportunity to adequately protect [the client's] rights." Somma v. Dansker & Aspromonte Assocs., 44 A.D.3d 376, 377 (1st Dep't 2007). In such cases, "'the proximate cause of any damages sustained by the [client] [is] not the alleged malpractice of [predecessor counsel], but rather the intervening and superseding failure of [the client's] successor attorney.'" Davis v. Cohen & Gresser, LLP, 160 A.D.3d 484, 487 (1st Dep't 2018) (citation omitted).

      Here, the September 17, 2024 compliance conference order filed in the Underlying Action set a November 28, 2024 deadline for responses to discovery demands – one week *after* B&B ostensibly took over as Plaintiffs' defense counsel (and months after B&B began lurking behind the scenes). Thus, even assuming a failure to timely respond to RDM's discovery requests could support a malpractice claim – which it could not – it is B&B that committed the malpractice.

                                               Best Regards,
                                                 Kaufman Dolowich LLP

                            By:    /s/ Adam M. Marshall
                                   Adam M. Marshall, Esq.

cc:     Hon. Victor Marrero, U.S.D.J.
        (Via ECF)